## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00232-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOSE ROBERTO ROMERO-MORALES,

      Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Albert Buchman, Assistant United States Attorney, and the defendant, Jose Roberto Romero-Morales, personally and by counsel, Natalie Stricklin, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.   AGREEMENT

**A.   Defendant's Plea of Guilty:**

The defendant agrees to:

(1)    plead guilty to the sole count of the Indictment, charging a violation of 8 U.S.C. § 1326(a), illegal re-entry of a previously deported alien, agreeing that the enhanced penalty under 8 U.S.C. § 1326(b)(1) applies.

(2)    waive certain appellate and collateral attack rights, as explained in detail below.

**B.   Government's Obligations:**

Court Exhibit

1

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(B). In exchange for the defendant's plea of guilty and waiver of certain appellate rights, the United States agrees to:

(1)    request a sentence at the bottom of the advisory guideline range resulting from the "fast track" disposition.

(2)    provided the defendant does not prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a).

(3)    recommend that any sentence of incarceration imposed in this case run concurrent with any sentence that may be imposed in connection with pending Colorado state cases: (1) Douglas County Case No. 22CR00378, (2) Douglas County Case No. 21CR00484, and (3) Denver County Case No. 21CR02678.

The parties understand that this agreement is not binding on the Court.

## C.    Early Disposition ("Fast Track") Agreement:

This plea agreement is made pursuant to the District of Colorado's early disposition ("Fast Track") program based on U.S.S.G. § 5K3.1 ("early disposition programs"). The government agrees to file a motion for a one-level downward departure pursuant to U.S.S.G. § 5K3.1 ("early disposition programs"). Although the defendant does not qualify for a three-level downward departure, in exchange for the motion for a one-level downward departure, the defendant agrees to waive certain appellate rights, described more fully below. The parties understand that the Guidelines are only advisory. The United States and the defendant stipulate and agree that this fast-track disposition is appropriate and results in a sentence that advances the sentencing goals set forth in 18 U.S.C. § 3553(a).

2

### D.      Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the

sentence, including the manner in which that sentence is determined. Understanding this,

and in exchange for the concessions made by the government in this agreement, the

defendant knowingly and voluntarily waives the right to appeal any matter in connection

with this prosecution, conviction, or sentence (including the restitution order), unless it

meets one of the following criteria:

   (1)    the sentence exceeds the maximum sentence provided in the statute of
          conviction, 18 U.S.C. § 1326(a), (b)(1)  NGS A-CB

   (2)    the sentence exceeds the top end of the advisory guideline range from the
          Sentencing Guidelines that applies for the defendant's criminal history (as
          determined by the district court) at a total offense level of 10; or

   (3)    the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his

sentence exceeds the statutory maximum sentence.  But if one of the latter two criteria

apply, the defendant may appeal on any ground that is properly available in an appeal

that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this

prosecution, conviction, or sentence (including the restitution order) in any collateral

attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This

waiver provision does not prevent the defendant from seeking relief otherwise available

in a collateral attack on any of the following grounds:

   (1)    the defendant should receive the benefit of an explicitly retroactive change
          in the sentencing guidelines or sentencing statute;

(2)      the defendant was deprived of the effective assistance of counsel; or

(3)      the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.   In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

## II.  ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which the defendant will plead guilty are as follows:

*First*:   The defendant was an alien (not a citizen or national of the United States) at the time alleged in the indictment;

*Second*: the defendant had previously been deported and removed from the United

4

States;

Third: the defendant knowingly entered and was found in the United States;

Fourth: the defendant had not received the consent of the proper legal authority to reapply for admission to the United States.

Note: The parties agree the sentencing provision of 8 U.S.C. § 1326(b)(1) applies. This is not an essential element of the offense but rather is a sentencing factor for the Court. See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

## III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of 8 U.S.C. § 1326(a) and (b)(1) is not more than 10 years of imprisonment, not more than a $250,000 fine, or both, not more than three years supervised release, and a $100 special assessment fee.

## IV.   COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States or confined indefinitely if there is no country to which the defendant may be deported, denied future admission into the United States, and/or to be denied citizenship.

5

## V. **STIPULATION OF FACTS**

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct: NGS

The defendant Jose Roberto Romero-Morales is a 24 year-old male native and citizen of Mexico, by virtue of birth in Gomez Palacio, Durango, Mexico, on November 27, 1993. The defendant last entered the United States, unlawfully, at an unknown location on or after September 11, 2019. The defendant was determined to have been last removed from the United States to Mexico on September 11, 2018, through El Paso, Texas, subsequent to a conviction classified as a felony. The defendant has not sought permission from the United States Attorney General to reenter the United States after his last removal.

6

The defendant was encountered by immigration officials on ~~December 21~~, 2021. [handwritten: May 4] [handwritten: NGS A-CB]

The defendant was, on September 4, 2019, convicted in the U.S. District Court, [handwritten: 2018 NGS A-CB] Western District of Texas, El Paso Division, of the offense of Illegal Re-entry, in violation of 8 USC 1326(a), a felony, for which he was sentenced to a three-year term of non-reporting probation. Case No. 18-cr-02211.

## VI.   ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the United States Sentencing Guidelines are only advisory but represent the starting point and benchmark for sentencing.  The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553.  In determining the particular sentence to be imposed, the Court is required to consider seven factors.  One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines (USSG). To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may make legal or factual arguments that affect the estimate below.

7

A.      The base offense level is **8**. U.S.S.G. § 2L1.2(a).

B.      Specific offense characteristics: There is a **4-level** increase because the defendant committed the instant offense after sustaining a conviction for a felony that is an illegal reentry offense. U.S.S.G. § 2L1.2(b)(1)(A).

C.      There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

D.      The adjusted offense level therefore would be **12**.

E.      The defendant should receive a two-level adjustment for acceptance of responsibility under § 3E1.1. The resulting, total offense level therefore would be **10**.

F.      The parties understand that the defendant's criminal history computation is tentative.   The criminal history category is determined by the Court based on the defendant's prior convictions.   Based on information currently available to the parties, it is estimated that the defendant's Criminal History Category would be II.

G.      Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

H.      <u>Imprisonment</u>:   The advisory guideline range of imprisonment resulting from an offense level of **10** and the above criminal history category is **8-14** months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from six months (bottom of Category I) to 30 months (top of Category VI).

<u>Note</u>: As stated above, the government agrees to request a 1-level downward departure in light of the "fast track" disposition. The range of imprisonment resulting from

an offense level of **9** and a criminal history of **II** would be **6-12** months.

I.      Fine:   Pursuant to guideline § 5E1.2, assuming an estimated offense level of **9**, the fine range for this offense would be $2,000 to $20,000, plus applicable interest and penalties.

J.      Supervised Release:   The guideline range of supervised release under § 5D1.2 is at least one year but not more than three years.

The parties understand that although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party. The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.    **ENTIRE AGREEMENT**

This document states the parties' entire agreement.   There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.   In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 10/5/22

_____
Jose Roberto Romero-Morales
Defendant

Date: 10/5/22

_____
Natalie Stricklin
Attorney for the Defendant

Date: 10/5/22

_____
Albert Buchman
Assistant United States Attorney