**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-CR-00232-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOSE ROBERTO ROMERO-MORALES,

      Defendant.

---

**RESPONSE TO THE DEFENDANT'S SENTENCING STATEMENT**

---

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Albert Buchman, Assistant United States Attorney, respectfully submits this response to the defendant's Jose Romero-Morales' "Sentencing Statement," ECF 27. The government requests a sentence of six months' imprisonment concurrent to pending state cases and no term of supervised release on largely the same grounds as the defendant's request.[1]

18 U.S.C. § 1326 is a deterrence statute promulgated to enforce civil immigration regulation. *See e.g.*, *United States v. Hernandez-Guerro*, 147 F.3d 1075, 1078 (9th Cir. 1998). To promote the defendant's respect for immigration and criminal laws and deter

---

[1] The government agrees with the defendant's calculations should the Court grant an additional departure. ECF 27, p. 1. The government's recommendation here is based on the believe that the ultimate advisory guideline range will be six to 12 months' imprisonment.

him from future reentry, a guideline sentence is justified pursuant to 18 U.S.C. §§ 3553(a)(2)(A) and (B). The defendant has been removed three times, each time returning to the United States. ECF 26, ¶ 11. In the defendant's prior illegal reentry case [ECF 26, ¶ 29], he received a lenient probationary sentence that did not serve to deter him. Thus, any prison sentence in this case will be his first. In light, six months' is sufficient but not greater than necessary to impresses upon him the requirement to remain outside the United States or seek a lawful route to reentry. 18 U.S.C. §§ 3553(a)(2)(A) and (B).

The government believes that the Court can and should consider the nature of the defendant's pending state charges [ECF 26, ¶¶ 35-37] under §§ 3553(a)(1) and (2)(C). In Denver County Case No. 21CR2678, the government believes the defendant is facing an indeterminate life sentence, with a minimum of four years imprisonment. ECF 35. In Douglas County Case No. 21CR484, the government believes the defendant is facing two to eight years imprisonment. ECF 36. In Douglas County Case No. 2022CR378, the government believes the defendant is facing a minimum of 16 years' imprisonment. While acknowledging that the defendant is presumed innocent, the government reasons that the likelihood he receives a substantial state prison sentence after conclusion of the instant case is high.[2] Moreover, the government has confirmed that the defendant will not

---

[2]     Initially during the pendency of the instant case, Douglas and Denver prosecutors were able to writ the defendant for state proceedings. When the defendant was placed in detention in Nevada, subsequent state writs failed. The basis of the government's agreement to recommend a concurrent sentence here was for the possibility that one or all of those cases might resolve during prosecution of this case. Those cases have not since resolved. Nonetheless, as agreed to, the government is requesting here any sentence run concurrent to Douglas and Denver County Case Nos. 21CR2678,

be removed after the instant case but will rather be released to state authorities, and a bottom guideline sentence imposed here would best ensure that the defendant faces his state cases promptly and that state prosecutors can continue their work to ensure the safety of the community. While appreciating the reasoning in requesting 12-months' imprisonment [*see* ECF 26-1], the government believes that probation's recommendation is greater than necessary in consideration of the state cases.

Given the likelihood of a substantial state sentence, the government does not believe supervised release is warranted as the defendant is unlikely to be removed in the near future for supervised release to provide additional deterrent effect.

\\

\\

\\

\\

---

21CR484, and 22CR378, although the possibility that it truly runs concurrently are now minimal. *See* ECF 22 (plea agreement obligations)

**Conclusion**

The government respectfully requests that the Court sentence the defendant to six months' imprisonment with no additional supervised release, concurrent to the defendant's pending state cases.

Dated this 17th day of February, 2023.

Respectfully submitted,

COLE FINEGAN
United States Attorney

*s/ Albert Buchman*
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: al.buchman@usdoj.gov
Attorney for the Government

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.


*s/ Lauren Timm*
Lauren Timm
Legal Assistant
United States Attorney's Office