Exhibit A



U.S. Department of Justice
United States Attorney
District of Colorado

**Fast-Track Policy**

Date:  September 15, 2016

I.     INTRODUCTION

In accordance with the directives and guidance contained in the memorandum from then Deputy Attorney General James Cole, dated January 31, 2012, the District of Colorado instituted a fast-track program applicable to certain defendants charged with illegal reentry, in violation of 8 U.S.C. § 1326.  The parameters of the District's program were outlined in a memorandum dated February 29, 2012, and issued by then United States Attorney John F. Walsh.  On November 1, 2016, revisions to USSG § 2L1.2, the guideline applicable to illegal reentry cases, will take effect.  In light of those revisions and based on experience with the operation of the prior policy, the District is updating its fast-track program, effective November 1, 2016, as described below.  The following policy also addresses appellate waivers in non-fast-track illegal reentry cases.

II.     APPLICABILITY TO PENDING CASES

This revised policy is applicable to any pending illegal reentry case if the defendant has yet to enter a plea of guilty and has not gone to trial.  In their discretion, prosecutors may apply this policy if beneficial to a defendant who has entered a plea of guilty but has not been sentenced.  (Doing so may require revision to the plea agreement.)  Defendants who have been sentenced are not eligible.

III.     THE BENEFIT TO THE DEFENDANT

A defendant who is not disqualified from the program and meets the eligibility criteria below will benefit from a motion for a three-level downward departure from the otherwise applicable offense level.

IV.     DISQUALIFIERS

Defendants may be disqualified from the fast-track program under the circumstances described below.  The United States Attorney's Office alone will determine whether the defendant is disqualified.  In making this determination, the prosecutor may rely, without limitation, on any records, including court records, charging documents, investigative reports, and law enforcement intelligence information.

    1.    The defendant previously has been convicted of a "violent felony" as defined in 18 U.S.C. § 924(e)(2)(B)(i), a "crime of violence" as defined in

U.S.S.G. § 4B1.2, and the associated commentary, effective August 1, 2016, or a crime likely to result in serious bodily injury.

    2.    The defendant has been convicted of any offense, felony or misdemeanor, involving 1) the sexual abuse of a minor, including statutory rape, or 2) intentional physical or mental harm to a child.

    3.    The defendant previously has been convicted of illegal reentry, in violation of 8 U.S.C. § 1326.

    4.    The defendant has two or more convictions for illegal entry, in violation of 8 U.S.C. § 1325, or previously benefited from a fast-track program, including a program that resulted in a conviction for illegal entry, in violation of 8 U.S.C. § 1325, rather than for felony illegal reentry, in violation of 8 U.S.C. § 1326.

    5.    The defendant has been deported, removed, or excluded from the United States three or more times.

    6.    The case presents other aggravated circumstances that warrant disqualifying the defendant from the benefit of the fast-track program. The prosecutor should consult with a supervisor before applying this disqualifier. This provision may apply, for example, if the defendant is the subject of a separate federal criminal investigation or a serious state investigation or has engaged in conduct that presents a risk to the public, such as repeated alcohol or drug related driving offenses, narcotics distribution, firearm possession, or active gang membership.

V.    ELIGIBILITY REQUIREMENTS

To receive the benefit of a three-level downward reduction, the defendant must not be within the category of people disqualified and must also do the following.

    1.    File a notice of disposition within 30 days of the defendant's initial appearance. If exceptional circumstances exist, such as denial of adequate counsel, competency issues, or USAO delay in providing discovery, the prosecutor may extend the 30-day period. To facilitate this process, the prosecutor should provide discovery as soon as practicable, generally at the arraignment.

    2.    Enter into a plea agreement that includes the following terms:

      a.      A factual summary that accurately reflects the defendant's conduct and acknowledges the prior convictions and removals that impact the calculation of the sentencing guidelines;

      b.      An agreement not to file any of the motions described in Fed. R. Crim. P. 12(b)(3).

      c.      An agreement not to seek a departure or variance other than as contemplated within the plea agreement, and to seek a sentence within the guideline range as finally calculated by the court.

      d.      The District's standard language related to the limited waiver of appellate rights and collateral attack.

      e.      An agreement that the Bureau of Prisons will calculate any credit for pre-trial confinement.

## VI.    THE APPELLATE WAIVER IN ILLEGAL REENTRY CASES

Consistent with the current practice in the District, even defendants who are disqualified from the Fast-Track Program may receive a one-level downward reduction from the otherwise applicable total offense level in exchange for agreeing to include the District's standard appellate and collateral attack waiver language in their plea agreement. Pursuant to this policy, however, defendants now must file a notice of disposition within 30 days of their initial appearance in the District to benefit from the one-level reduction. The same exceptions to this "30-day-rule" outlined above apply here.

## VII.    NO CREATION OF PRIVATE RIGHTS

This policy provides internal guidance for prosecutors only within this district. It is not intended to, does not, and may not be relied upon to create any substantive or procedural rights enforceable at law by any party in any administrative, civil, or criminal matter or case. Nor are any limitations hereby placed on the otherwise lawful litigative prerogatives of the Department of Justice or the United States Attorney's Office for the District of Colorado. *See* U.S.A.M. § 1-1.00.